**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| MIRCA BENITEZ CACERES,<br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF DEVELOPMENTAL SERVICES,<br>Defendant. | ) | **CIVIL ACTION**<br>**No. 4:25-cv-40159-DHH** |

**REPORT AND RECOMMENDATION**

**July 9, 2026**

Hennessy, M.J.

On June 26, 2026, this Court dismissed this action finding that it lacked jurisdiction over Plaintiff Mirca Benitez Caceres' complaint under the Rooker-Feldman doctrine. (Docket #31). The Court noted that Caceres had instigated numerous suits in federal courts challenging the Probate and Family Court rulings regarding her son's proper custody and care and that the federal courts had consistently held that they were without jurisdiction to hear her claims. (Id. at 5). Accordingly, the Court directed Caceres to show good cause why she should not be enjoined from commencing new actions on the civil docket of this Court without first receiving permission to do so. (Id.). On July 2, 2026, Caceres filed a written response to the show cause order. (Docket #35). Finding that the response is without merit, the undersigned hereby directs the Clerk to reassign this case to a district judge and RECOMMENDS that the following order enter:[1]

[1] The parties are hereby advised that, under the provisions of Fed. R. Civ. P. 72, any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objections are made and the basis

1. Unless represented by counsel, Mirca Benitez Caceres, is hereby ENJOINED from commencing any new action on the civil docket of this Court without first obtaining written approval of a judge of this Court by filing a written petition seeking leave of Court to do so.

2. The petition to commence a new action must be accompanied by a copy of this Order, together with the papers sought to be filed, and a certification under oath that there is a good-faith basis for their filing.

3. The petition must be accompanied by payment of the fee to initiate a case on the Miscellaneous Business Docket (currently $52.00) or a motion for leave to proceed without prepayment of that fee.

4. The Clerk shall accept the petition and the accompanying documents, mark them received, and forward them for action on the petition to a judge of this Court authorized to act on matters on the Miscellaneous Business Docket.

5. Any documents which are submitted for filing by Caceres in violation of this Order shall not be filed or docketed by the Clerk's Office, but shall be returned to Caceres.

---

for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-05 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140 (1985).

6. In addition, with the exception of a notice of appeal or a motion to appeal *in forma pauperis*, Caceres shall not file any further documents in this action. Failure to comply with this Order may result in sanctions. If the Clerk accepts documents submitted in violation of this Order, said documents shall not be docketed as motions (even if Caceres designates them as such) and the Court will not take any action on them. At the Clerk's discretion, the Clerk may return to Caceres documents submitted in violation of this Order.

/S/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE